# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 11-1773

---

|  |  |  |
|---|---|---|
| in re DAVID STEBBINS | ) ) ) ) ) ) | on Petition for Writ of Mandamus |

## BRIEF IN SUPPORT OF PETITION

Comes now *pro se* Appellant David Stebbins. When I filed the petition for the writ of mandamus, I promised you a brief in support of that petition just as soon as it was given a case number, and I could file on the ECF. This would save me the trouble of printing it out, and the extra postage that I would expend in mailing it to you. Well, pursuant to that promise, I respectfully submit the following brief in support of my petition.

## TABLE OF CONTENTS

1. Table of Contents..................................................................................................1
2. Table of Authorities...............................................................................................1
3. Jurisdictional Statement.........................................................................................2
    1. District Court's Jurisdiction.........................................................................2
    2. Appellate Court's Jurisdiction.....................................................................2
    3. Timeliness...................................................................................................2
    4. Finality of judgment....................................................................................2
4. Statement of Issues................................................................................................3
5. Statement of Case..................................................................................................3
6. Summary of Argument..........................................................................................4
7. Argument...............................................................................................................4
8. Standard of Review...............................................................................................6
9. Conclusion.............................................................................................................6

## TABLE OF AUTHORITIES

1. 42 U.S.C. Sec. 1983
2. Canon 3(A)(5) of the Code of Conduct for United States Judges
3. *in re Frank X. Hopkins*, 8th Cir., Case No. 95-2357
4. Federal Arbitration Act

5. Federal Rules of Appellate Procedure, Rule 21
6. Federal Rules of Civil Procedure, Rule 8(b)(6)
7. Federal Rules of Civil Procedure, Rule 55(a)
8. Rehabilitation Act of 1973
9. Rule 7.2(b) of the Local Rules for the Eastern and Western Districts of Arkansas

Please note that this table of authorities is numbered, and is in alphabetical order, per FRAP Rule 28(a)(3). I will make reference to these authorities using brackets with numbers inside them that correspond to their number in this table. Therefore, if you see [8] later on, look to the seventh authority cited in this table, and you will realize that I am citing the Rehabilitation Act of 1973 in support of that declaration.

## JURISDICTIONAL STATEMENT

In compliance with FRAP Rule 28(a)(4), I hereby submit the following jurisdictional statement:

### District Court's Jurisdiction

Initially, the District Court had jurisdiction to hear this case because it involved a claim of discrimination[8] and a violation of my free speech rights.[1] However, on the date of February 15, 2011, I filed with the court a motion to confirm an arbitration award. At that point, the court retained jurisdiction to hear this claim, but under a different federal question: The Federal Arbitration Act.[4]

### Appellate Court Jurisdiction

The United States Court of Appeals for the Eighth Circuit has jurisdiction to consider petitions for writ of mandamus in the event that the district court is procrastinating on his duties.[3][5]

### Timeliness

I believe that the continuing violations doctrine should negate any timeliness required by FRAP Rule 4.

### Finality of judgment

This is not a "final" judgment (or, rather, a judgment at all) that I am appealing; however, I believe you have jurisdiction to hear this case on the grounds that it is a petition for a writ of mandamus against a district court judge.

Therefore, I assert that, despite the District Court's special comments, this petition is *not* premature. If I absolutely *had* to wait until the judge had entered his order, then, theoretically, the judge could just let the case lay open, for years and years, without consequence. This is the very kind of procrastination that the writ of mandamus was designed to prevent.

## STATEMENT OF ISSUES

I believe that the issues presented for review are thus:

- Is the District Court unnecessarily procrastinating on ruling on my motions for default and to confirm the arbitration award?
- Am I entitled to mandamus relief?

## STATEMENT OF CASE

The following is a chronologically accurate summary of how the case developed in the District Court:

1. In July of 2010, I filed a complaint against the University of Arkansas in the United States District Court for the Western District of Arkansas. The complaint was filed under Case Number 10-5125. The complaint alleged discrimination, due to their refusal to allow me to enroll as a student, and a violation of my first amendment rights.

2. I was granted leave to proceed *in forma pauperis*, and proceeded to attempt to serve the Defendants using the United States Postal Service. This is a valid method of service under the Arkansas Local Rules.

3. The Defendants filed a motion to dismiss the claim, citing failure to state a claim, sovereign immunity, and insufficiency of service of process.

4. The Court, on my motion, granted me a second chance. I proceeded to file an amended complaint, being sure to correct my previous mistake of failing to state a claim. I also requested that the Court instruct the U.S. Marshal to execute the service of summons in this case. See Appendix D. This request was granted (see Appendix E), and service was perfected on the

Defendants.

5. On the date of December 23, 2010, the Defendants filed another motion to dismiss.

6. On the date of December 30, 2010, the court received a suggestion in opposition to that motion, which was filed by me.

7. On the date of February 15, 2011, the court received my motion to confirm the arbitration award, along with the brief in support of that motion, as well as exhibits to prove my declarations of fact.

8. The Defendants had fourteen days to file any suggestions in opposition to that motion.[8]

9. On the date of March 4, 2011, I filed a motion for default against the Defendants on the motion to confirm the arbitration award.

10. My right to default is legally sound, as the Defendants had failed to defend themselves against the motion to confirm the arbitration award within the allotted time. Therefore, default was proper.[7]

11. As of the time of this writing, the judge has not yet ruled on these motions, despite his obligation to dispose promptly of the business of the court.[2]

## SUMMARY OF ARGUMENT

The judge has no business taking this long to rule on my motions. I believe that I am entitled to a writ of mandamus against the Honorable Jimm Larry Hendren, directing him to pass judgment on these motions as soon as possible.

## ARGUMENT

I assert that the judge is taking too long to rule on my motions to confirm the arbitration award, and for default. I admit that the motion to confirm the arbitration award is a complicated issue, especially when you consider how the arbitration agreement was actually accepted. However, the complexity of the issue is essentially negated when the other party does not defend itself against the motion.

How long does it take to rule on a motion for default? The defendants had two weeks to file any defenses or objections.[8] The Defendants did not file any objections or defenses within that time frame. Therefore, they failed to defend themselves against the motion. Therefore, default is proper.[7] It is just that simple. Why is the judge taking forever to rule on it?

With the defendants in default, all matters related to the motion to confirm the arbitration award are admitted by default.[7] Therefore, the motion to confirm the arbitration award should be granted, due to all relevant facts being admitted.

I admit that the issue is complex, particularly regarding how the arbitration agreement came into effect. However, by failing to deny the element of mutual agreement until it was too late, the Defendants have, effectively, *admitted* to the element of mutual agreement. While the case had the potential to be complex, the Defendants' default eliminated the complexity and made it a simple matter of default, so why is the judge taking so long?

Let us also not forget that the main benefit of arbitration is that it is quicker and cheaper than litigation. If a judge takes forever to confirm an arbitration award like that, that negates the whole purpose of arbitrating in the first place.

A judge should dispose promptly of the business of the court,[2] and he is not doing that.

The Defendants eventually filed a suggestion in opposition, but it was too little, too late. They claimed that they did not file any suggestions in opposition because the motion to confirm the arbitration award was irrelevant until the motion to dismiss was addressed, but that is simply not true. To the contrary, the ruling on the motion to confirm the arbitration award would have a direct impact on whether or not the court even had jurisdiction to consider the motion to dismiss!

Even if that were the case, that does not justify their silence on the arbitration confirmation motion. Even if the motion to dismiss was granted, the arbitration confirmation motion would require a ruling, anyway. Even if it was irrelevant at that point (which it was not), it would become relevant at some point in the future. When it became relevant, they would have been too late to file any

objections.

## STANDARD OF REVIEW

As for the standard of review, I will leave that up to you. You should know the applicable standard of review in a mandamus case; I am a mere *pro se* litigant. However, if I were to suggest a standard of review, I would suggest abuse of discretion.

## CONCLUSION

Wherefore, I respectfully pray that you grant my petition for a writ of mandamus, and instruct the Honorable Jimm Larry Hendren to competently rule on my motions for default and to confirm the arbitration award. He should rule on them competently, as well as diligently, and should comply with applicable law.

*David S Stebbins*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com