No. 11-1773

| | | |
|---|---|---|
| in re DAVID STEBBINS | ) ) ) ) ) ) | on Petition for Writ of Mandamus |

**MOTION FOR DEFAULT**

Comes now *pro se* Petitioner David Stebbins, who respectfully submits the following motion for default in this petition for a writ of mandamus against the Honorable Jimm Larry Hendren ("Hon. Hendren").

Hon. Hendren was given until April 22, 2011 to respond to the petition, according to the docket text that I received when the petition was actually filed. It is now the morning of April 23, 2011, and, as I look on Pacer, there does not seem to be any response to the petition in sight.

I received a copy of the letter that the Clerk sent to Hon. Hendren, where he was informed that no action would be taken against him until his response is filed. However, this is prejudicial to my rights. Hon. Hendren should not be allowed to simply "pocket veto" the petition, for lack of a better term, and allow the petition to simply lay open, and go without a ruling, because his response is necessary, but not provided... like a computer game character who must obtain a certain item before the programming allows him to move, but the item is not there, so he simply stands there, forever and ever.

Besides, the whole point of this petition is that Hon. Hendren has simply disappeared from the case, so if he is allowed to pocket veto the petition like this, that negates the whole

purpose of asking for mandamus relief in the first place.

I humbly request that the petition for writ of mandamus be ruled on in Hon. Hendren's absence. He had his opportunity to respond to the petition, and he did not take it.

To recap, allow me to restate the relief I sought in that petition:

1. Hon. Hendren is instructed to pass judgment on my motion for default against the Defendants in the pending action.

2. If...

    A) the motion for default is granted, my motion to confirm the arbitration award must be confirmed, pursuant to Red. R. Civ. P. Rule 55.

    B) the motion for default is denied, and that denial is upheld on appeal, the motion to confirm the arbitration award must be competently ruled on, with the Defendants' objections (if any they have).

Wherefore, I respectfully pray that you grant the requested writ, award costs incurred, and other relief that the court finds appropriate.

It is so requested on this 23rd day of April, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
stebbinsd@yahoo.com